# Third District Court of Appeal

## State of Florida

Opinion filed August 18, 2021.
Not final until disposition of timely filed motion for rehearing.

————————

No. 3D20-1692
Lower Tribunal No. 18-12047

————————

**Marcos Castells,**
Appellant,

vs.

**People's Trust Insurance Company,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Marin, Eljaiek, Lopez & Martinez, P.L., and Steven E. Gurian, for appellant.

Bickford & Chidnese, LLP, and Patrick M. Chidnese (Tampa), for appellee.

Before SCALES, MILLER and BOKOR, JJ.

PER CURIAM.

Affirmed. See People's Tr. Ins. Co. v. Vidal, 305 So. 3d 710, 715 (Fla. 3d DCA 2020) ("While People's Trust did not seek to invoke its right to appraisal as an affirmative defense in response to Insureds' complaint, People's Trust did, *in the same pleading* containing its affirmative defenses, assert two counterclaims expressly seeking Insureds' compliance with the appraisal provision. . . . Because People's Trust invoked its right to appraisal in its first responsive pleading, we conclude People's Trust did not waive the right to seek appraisal by actively litigating the case.") (footnote omitted); People's Tr. Ins. Co. v. Nowroozpour, 277 So. 3d 135, 136-37 (Fla. 4th DCA 2019) ("After a homeowner has filed suit, it may be traditional for an insurer to move to compel an appraisal to seek enforcement of the policy provisions; however, this does not preclude an insurer from filing a counterclaim alleging that the insurer is entitled to enforce the provisions of the insurance contract through specific performance.").